**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

DONALD RICHARD CHILDS, II,

       Plaintiff,

v.

CAESARS ENTERTAINMENT
OPERATING COMPANY, INC., et al.,

       Defendants.

Case No. 2:18-cv-01869-APG-CWH

**ORDER AND REPORT AND
RECOMMENDATION**

Presently before the court is plaintiff Donald Richard Childs' motion for leave to file a second amended complaint (ECF No. 29), filed on January 16, 2019. Defendants Caesars Entertainment Operating Company, Inc., Caesars Entertainment Resort Properties, LLC, Caesars Linq, LLC, and Cromwell Manager, LLC (collectively "defendants") filed a response (ECF No. 32), on January 30, 2019. Plaintiff filed a reply (ECF No. 34) on February 5, 2019.

Also before the court is plaintiff's second motion to compel (ECF No. 42), filed on March 4, 2019. Defendants filed a response (ECF No. 44) on March 22, 2019. Plaintiff filed a reply (ECF No. 45) on March 22, 2019.

Also before the court is defendants' motion to strike (ECF No. 46), filed on March 27, 2019. Plaintiff filed a response (ECF No. 47) on April 1, 2019.

Also before the court is plaintiff's motion for leave to supplement the motion to compel (ECF No. 48), filed on April 1, 2019. Defendants filed a response (ECF No. 49) on April 15, 2019. Plaintiff filed a reply (ECF No. 50) on April 16, 2019.

I.      **BACKGROUND**

This is a discrimination case arising from plaintiff's allegations that he was attacked, detained and trespassed by the security guards at the Flamingo Hotel and Casino in Las Vegas, Nevada on August 25, 2014. (First Am. Compl. (ECF No. 12).) Plaintiff alleges that defendants

1  completed a police report which resulted in plaintiff's prosecution for trespassing.  (*Id.*)  The

2  criminal case was ultimately dismissed.  (*Id.*)  On October 21, 2015, plaintiff allegedly entered

3  the Linq Hotel and Casino and was approached by defendant Caesars Entertainment's security

4  guards.  (*Id.*)  Upon completing a background check, plaintiff was removed from the property for

5  trespassing because he returned after the prior trespass event.  (*Id.*)

6          Plaintiff then filed suit against Caesars Palace Corp. on the basis of the August 25, 2014

7  and October 21, 2015 events.  *See Childs v. Caesars Palace Corp.*, 2:14-cv-01572-MMD-CWH

8  (ECF Nos. 1-1, 61).  Plaintiff then added Caesars Entertainment Resort Properties, LLC, Caesars

9  Linq, Cromwell Manager, and Flamingo Las Vegas Operating Company, LLC to the action.  *See*

10  *id.* (ECF Nos. 22, 48).  Plaintiff's first action contained allegations of race discrimination under

11  Section 1981 and Title II.  *Id.*  The claims were then dismissed without prejudice and without

12  leave to amend, finding that plaintiff's second amended complaint failed to state a claim and that

13  "any amendment would be consistent with arguments made in Plaintiff's response, which do not

14  raise any facts for the Court to find that amendment would not be futile."  *Id.* (ECF No. 71 at 10).

15          Plaintiff then initiated the instant action in August of 2018, alleging identical causes of

16  action under the same statutes as alleged in his first action.  (ECF No. 1-1.)  Here, plaintiff sues

17  three of the defendants, Caesars Entertainment Resort Properties, LLC, Caesars Linq, Cromwell

18  Manager, that were named in the first action.  (*See id.*)  Defendants then filed a motion to dismiss,

19  to which plaintiff responded with the filing of the first amended complaint.  (Mot. to dismiss

20  (ECF No. 2); First Amended Compl. (ECF No. 12).)

21          Plaintiff now moves for leave to amend the complaint to add Flamingo and Planet

22  Hollywood as defendants, arguing that defendants' most recent discovery responses identified

23  these defendants.  (Mot. for Leave (ECF No. 29).)  Defendants respond that the motion should be

24  denied on the basis of futility, bad faith, undue delay, and unfair prejudice.  (Resp. (ECF No.

25  32).)  Plaintiff replies that defendants' arguments of futility are only applicable to the August

26  2014 events.  (Reply (ECF No. 34).)

27          Plaintiff then moved to compel answers to his interrogatories.  (Mot. to Compel (ECF No.

28  37).)  The court denied plaintiff's motion to compel for failing to set forth the full text of

discovery originally sought, pursuant to Local Rule 26-7(b).  (Order (ECF No. 40).)  Plaintiff now renews the motion to compel answers to his interrogatories, arguing that defendants' objections were improper.  (Mot. to Compel (ECF No. 42).)   Defendants respond that plaintiff's motion violates the Local Rules because it fails to include the required declaration and exceeds the page limitations.  (Resp. (ECF No. 44).)  Defendants also contend that plaintiff failed to demonstrate that the information he seeks is relevant and admissible, and that the interrogatories were compound questions that sought information outside of defendants' control.  (*Id.*)  Plaintiff replies that defendants' objections are confusing and misleading and should be waived because of defendants' use of the statement "subject to without waiving objections."  (Reply (ECF No. 45).)  Plaintiff's reply also includes a certification that the parties engaged in a meet and confer pursuant to Local Rule 26-7(c)(2).  (*Id.*)

Defendants now move to strike Exhibit A of plaintiff's reply to the motion to compel, which contains the declaration certifying the meet and confer.  (Mot. to Strike (ECF No. 46).)  Plaintiff responds waiving his opposition to the motion to strike and moves for leave to supplement the motion to compel.  (Resp. (ECF No. 47); Mot. for Leave (ECF No. 48).)  Defendants oppose the motion for leave to supplement, arguing that plaintiff has not demonstrated good cause and that the supplement fails to cure the defects in his motion to compel.  (Resp. (ECF No. 49).)  Plaintiff replies that the court should freely give leave to supplement.  (Reply (ECF No. 5).)

## II.     MOTION TO AMEND

Generally, a plaintiff may amend his complaint once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  *United States v. Corinthian Colls.*,

655 F.3d 984, 995 (9th Cir. 2011).  A proposed amendment is futile if it could not withstand a Rule 12(b)(6) motion for failure to state a claim.  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  It is within the court's discretion to determine whether to grant leave to amend, and "[a] district court does not err in denying leave to amend where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

By contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir. 2003). Futility arises when the amendment is legally insufficient, *Miller v. Rykoff-Sexon, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), or "where the amended complaint would ... be subject to dismissal[,]" *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). When refusing to grant leave, the Court must justify its reasoning. *Leadsinger, Inc. v. BMG Music Publ'q*, 512 F.3d 522, 532 (9th Cir. 2008) ("An outright refusal to grant leave to amend without a justifying reason is ... an abuse of discretion.") (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ). Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Here, plaintiff seeks to amend the complaint to add the Flamingo Las Vegas Operating Company, LLC ("Flamingo") and Planet Hollywood Las Vegas, LLC ("Planet Hollywood") as defendants.  Having reviewed the proposed complaint and the parties' arguments, the court finds that the motion should be denied.  The court is not convinced that plaintiff brought this motion in good faith.  Plaintiff contends that the identities of Flamingo and Plant Hollywood were recently made available to him, but plaintiff was well aware of Flamingo's identity, as the entity was named in plaintiff's prior action.  *See Donald Richard Childs, II v. Caesars Palace Corp.*, 2:14-cv-0152 (where plaintiff names Flamingo Las Vegas Operating Company, LLC as a defendant in an action arising from similar factual allegations).  Further, defendants' counsel swears under the penalty of perjury that nothing in defendants' discovery responses suggests that Planet Hollywood or Flamingo is related to this action.  The court does not find undue delay, as the motion was filed before the deadline to amend.  (*See* Scheduling Order (ECF No. 27).)  However, the court finds that defendants will suffer unfair prejudice, as plaintiff has filed multiple

1   complaints stemming from the factual allegations in the complaint and defendants have

2   repeatedly responded to the filings.

3         Lastly, and perhaps most importantly, the court finds amendment futile.  Plaintiff's

4   proposed complaint fails to provide any factual allegations involving Planet Hollywood.  Further,

5   plaintiff's claims against Flamingo are identical to those alleged in the first action that was

6   dismissed by the district judge, who found that "any amendment would be consistent with

7   arguments made in Plaintiff's response, which do not raise any facts for the Court to find that

8   amendment would not be futile."  *See Donald Richard Childs, II v. Caesars Palace Corp.*, 2:14-

9   cv-0152 (ECF Nos. 61, 71).  As such, the court recommends that the motion for leave to amend

10  the complaint be denied.

11  **III.    MOTION TO COMPEL**

12        Plaintiff also moves to compel defendants' answers to his interrogatories.  Under Local

13  Rule 7-3(b), all "motions, responses to motions, and pretrial and post-trial briefs are limited to 24

14  pages, excluding exhibits. All other replies are limited to 12 pages, excluding exhibits."  LR 7-

15  3(b).  Motions exceeding the page limits are disfavored and "[a] motion to exceed these page

16  limits must be filed before the motion or brief is due and must be accompanied by a declaration

17  stating in detail the reasons for, and number of, additional pages requested."  LR 7-3(c).

18        Here, plaintiff's second motion to compel is 86 pages long, excluding exhibits.  The

19  motion contains the entire text of plaintiff's 56 interrogatories and defendants' responses.

20  Plaintiff's motion fails to specify why each of defendants' responses are improper.  Rather,

21  plaintiff's motion places the burden on the court to sift through each interrogatory to determine

22  whether defendants' objections are improper.  While the court understands that plaintiff has

23  included the full text in response to the court's previous order, the court declines to undertake

24  plaintiff's responsibility in presenting an argument regarding the validity of each objection.  As

25  such, the motion to compel is denied.

26  //

27  //

28  //

1   **IV.    MOTION TO STRIKE**

2         Defendants move to strike plaintiff's supplemental declaration certifying that the parties

3   met and conferred prior to the filing of the second motion to compel.  Given that the court has

4   denied the motion to compel, the motion to strike is denied as moot.

5   **V.    MOTION FOR LEAVE TO SUPPLEMENT**

6         Plaintiff also moves for leave to supplement his motion to compel.  However, the court

7   has denied plaintiff's motion to compel.  Therefore, the motion for leave to supplement the

8   motion to compel is denied as moot.

9   **VI.    CONCLUSION AND RECOMMENDATION**

10        IT IS THEREFORE RECOMMENDED that plaintiff's motion for leave to file a second

11  amended complaint (ECF No. 29) be DENIED.

12        IT IS FURTHER ORDERED that plaintiff's second motion to compel (ECF No. 42) is

13  DENIED.

14        IT IS FURTHER ORDERED that defendants' motion to strike (ECF No. 46) is DENIED

15  as moot.

16        IT IS FURTHER ORDERED that plaintiff's motion for leave to supplement (ECF No. 48)

17  is DENIED as moot.

18  **VII.    NOTICE**

19        This report and recommendation is submitted to the United States district judge assigned

20  to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation

21  may file a written objection supported by points and authorities within fourteen days of being

22  served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely

23  objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d

24  1153, 1157 (9th Cir. 1991).

25        DATED: July 25, 2019

26

27                                        _____
                                          C.W. HOFFMAN, JR.

28                                        UNITED STATES MAGISTRATE JUDGE