# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DONALD RICHARD CHILDS, II,

    Plaintiff

v.

CAESARS ENTERTAINMENT OPERATING COMPANY, INC., et al.,

    Defendants

Case No.: 2:18-cv-01869-APG-DJA

**Order Denying Plaintiff's Rule 56(d) Motion and Granting Defendants' Motion for Summary Judgment**

[ECF Nos. 51, 54, 55]

Donald Childs, II sues Caesars Entertainment Operating Company, Inc.; Caesars Entertainment Resort Properties, LLC; Caesars Linq, LLC; and Cromwell Manger, LLC. He alleges that in 2014 and 2015, he was assaulted and trespassed from the Flamingo Las Vegas and the LINQ Hotel and Casino due to his race. He brings federal claims under 42 U.S.C. §§ 2000a, 2000a-2, and 1981.

The defendants move for summary judgment on a variety of grounds. Childs responds by requesting I defer ruling on the motion under Federal Rule of Civil Procedure 56(d) because there were discovery motions and a motion to amend pending at the time the defendants moved for summary judgment. He also argues that even though discovery is closed, he did not have an opportunity to conduct further discovery after the defendants moved for summary judgment. Finally, he requests an extension of time to respond to the summary judgment motion if I deny his Rule 56(d) motion.

I deny Childs' motion for Rule 56(d) relief because it does not meet the rule's requirements. I grant the defendants' motion for summary judgment because Childs has

presented no evidence that any defendant participated in the two trespass incidents about which he complains.

**I. ANALYSIS**

    **A. Rule 56(d)**

"Rule 56(d) offers relief to a litigant who, faced with a summary judgment motion, shows the court by affidavit or declaration that 'it cannot present facts essential to justify its opposition.'" *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 899 (9th Cir. 2012) (quoting Rule 56(d)). A party seeking Rule 56(d) relief bears the burden of showing that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). When confronted with a Rule 56(d) motion, I may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Whether to grant relief under this rule lies within my discretion. *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).

Although Childs presents an affidavit in support of his motion, he does not identify the specific facts he hopes to elicit from further discovery, that those facts exist, and that those facts are essential to oppose summary judgment. As relevant to the discussion below, Childs has known from early in this case that the defendants were taking the position that they "had no involvement in the acts alleged in the First Amended Complaint." ECF No. 20 at 11. That is one of the arguments the defendants raised in their summary judgment motion. ECF No. 51 at 12-13. Despite being on notice of this defense from early on and despite it being specifically raised and

argued in the summary judgment motion, Childs does not state in his affidavit that he hopes to elicit facts that any of the defendants was involved in the trespass incidents at issue or that such facts exist.

Childs argues he has not had a chance to conduct discovery since the defendants filed their motion for summary judgment, but discovery closed a month before the defendants filed their motion. ECF Nos. 27; 51. Childs has not identified any basis that would support reopening discovery at this stage. Childs also argues that at the time the defendants filed their motion, there were outstanding motions to compel and to amend. However, Childs does not explain how resolution of any or all of those motions in his favor would preclude the entry of judgment.[1] Consequently, Childs has not established a basis to defer a ruling under Rule 56(d).

Finally, Childs requested that if I deny his Rule 56(d) motion, that I grant him 14 days to respond to the defendants' motion. I deny that request because Childs should have responded to the defendants' motion in the time allotted. By not responding substantively, he took a chance I would not grant his Rule 56(d) motion.

**B. Merits**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence

---

[1] Childs' motions were subsequently denied. ECF Nos. 59, 65.

3

of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Childs' claims are based on three federal statutes that prohibit intentional discrimination based on race. Section 2000a(a) provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." Section 2000a-2 provides that:

> [n]o person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive any person of any right or privilege secured by section 2000a or 2000a-1 of this title, or (b) intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person with the purpose of interfering with any right or privilege secured by section 2000a or 2000a-1 of this title, or (c) punish or attempt to punish any person for exercising or attempting to exercise any right or privilege secured by section 2000a or 2000a-1 of this title.

Finally, section 1981 provides in relevant part that: "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981.

The defendants have presented evidence that none of them currently own the Flamingo or the LINQ and none of them owned the Flamingo or the LINQ at the time of the alleged incidents in 2014 and 2015. ECF No. 51-1 at 3. Additionally, none of the defendants employed the

security guards who were involved in the incidents about which Childs complains. *Id.* at 4-6; *see also* ECF Nos. 51-5 at 2; 51-6 at 3. Childs presents no contrary evidence. As a result, he has not presented evidence raising a genuine dispute that any of the defendants discriminated against him under § 2000a, § 2000a-2, or § 1981.

## II. CONCLUSION

I THEREFORE ORDER that plaintiff Donald Childs, II's motion requesting denial of defendants' motion for summary judgment **(ECF No. 54)** and motion for extension of time **(ECF No. 55) are DENIED**.

I FURTHER ORDER that the defendants' motion for summary judgment **(ECF No. 51) is GRANTED**. The clerk of court is instructed to enter judgment in favor of the defendants and against the plaintiff, and to close this case.

DATED this 25th day of February, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

5